**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT J. FIELDS, JR., : | : Appeal from Bankruptcy |
| Appellant, : | : Case No. 06-5451 |
| : | : |
| v. : | : **OPINION** |
| : | : |
| JACK BLEIMAN, : | : |
| Appellee. : | : |

**APPEARANCES:**

Albert J. Fields, Jr.
105 South Miller Avenue
Penns Grove, NJ 08069
*Pro se Appellant*

James D. Donnelly
1236 Brace Road, Suite C
P.O. BOX 536
Cherry Hill, NJ 08003
*Attorney for Appellee, Jack Bleiman*

**HILLMAN, District Judge**

### I. INTRODUCTION

Pro Se Appellant, Albert J. Fields, Jr., filed an appeal from the final order of the U.S. Bankruptcy Court holding that Jack Bleiman (Appellee) did not violate the Automatic Stay provision of 11 U.S.C. § 362.  While this appeal was pending, Appellant filed an Emergency Motion for Stay Pending Appeal.  For reasons set forth below, we deny Appellant's Emergency Motion and confirm the decision of the Bankruptcy Court in its entirety.

## II.  BACKGROUND

The facts surrounding this appeal have been repeated several times in the briefs and opinions in the Bankruptcy Court and, therefore, we will not repeat them here but rather only cite those facts pertinent to this appeal.  On August 16, 2004, Albert J. Fields, Jr. executed a Note for the payment of a debt to Jack Bleiman in the amount of $30,000, plus interest, payable in monthly installments of $500.00, and due and payable in full on December 5, 2005.  As security for the Note, Fields executed to Bleiman on on August 16, 2004, a Mortgage for 105 S. Miller Avenue, Penns Grove, NJ (hereinafter "residence" or "property") which Bleiman subsequently caused to be recorded.  On August 2, 2005, Bleiman filed a complaint in foreclosure on the grounds that Fields had not paid the Note when it became due and payable.  The debtor filed a Chapter 7 petition on December 6, 2005.

In its October 24, 2006 opinion, the Bankruptcy Court found that "[o]n January 26, 2006, the Chapter 7 trustee issued a Notice of Information for Abandonment, signifying the trustee's intention to abandon the residence because the liquidation of the property would be of inconsequential value to the estate."  No objections to the Notice were filed and the abandonment became effective on February 20, 2006.  The Bankruptcy Court found that the value of the residence was listed at $46,000, and the amount of the secured claim was listed at $37,000.  A final judgment of foreclosure was entered on May 23, 2006 in favor of Bleiman, and

the Shore Management Company of Delaware Valley, Inc. was the successful bidder at the sheriff's sale for the sum of $34,934. The Appellant argued below that by continuing with foreclosure after the abandonment of the debtor's residence by the trustee, Bleiman violated the Automatic Stay provision.

The Bankruptcy Court held that under 11 U.S.C. § 554, a Chapter 7 trustee can abandon property of the estate that is of inconsequential value to the estate. (Bankr.Opin. at 3-4) "Following abandonment, the property abandoned reverts to the debtor, and is no longer property of the estate." (Id. at 4, citing Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002); In re St. Lawrence Corp., 239 B.R. 720, 723 (Bankr. D.N.J. 1999 aff'd, 248 B.R. 734 (D.N.J. 2000)). After the property was abandoned and outside of the estate, the Automatic Stay no longer applied by operation of law. (Id., citing In re Boland, 275 B.R. 675, 678 n. 5 (Bankr.D.Conn. 2002); In re Beaudoin, 160 B.R. 25, 32 (Bankr. N.D.N.Y. 1993)). Thus, the Bankruptcy Court held that Jack Bleiman had not violated the Automatic Stay provision when he continued with foreclosure proceedings against the debtor's property that had been deemed abandoned by the Chapter 7 trustee.

On November 15, 2006, Fields filed a notice of appeal of the Bankruptcy Court's order. On March 26, 2007, Fields filed an emergency motion to stay the bankruptcy appeal. However, the motion, brought pursuant to Fed.R.Civ.P. 65, requests that the court preliminarily enjoin the new owner of the residence from

3

executing a Writ of Possession and taking possession of the residence on March 30, 2007.

### III.  STANDARD

United States District Courts have mandatory jurisdiction to hear appeals from final orders of bankruptcy judges. See 28 U.S.C. S 158(a)(1).  On appeal, factual disputes are governed by the clearly erroneous standard.  See In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir.1989).  Legal conclusions are given plenary review. Id.; see also In re McKeesport Steel Castings Co., 799 F.2d 91, 93 (3d Cir.1986).  In this appeal, the facts are not in dispute.  The issue turns on a question of law and, therefore, we apply plenary review regarding the appeal.

With regard to Appellant's request for a preliminary injunction, plaintiff must prove: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  Child Evangelism Fellowship of New Jersey Inc. v. Stafford Township School District, 86 F.3d 514 (3d Cir. 2004) (citing to KOS Pharms., Inc. v. Andrx Corp., 369 F.3d 700 (3d Cir. 2004).

### IV.  DISCUSSION

A review of the case law reveals that the Bankruptcy Court was correct in its application of law to the facts in this case. Fields admits that the Chapter 7 Trustee abandoned the residence

4

after no objections were filed.  By operation of law, abandoned property is no longer property of the estate.  See Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002); see also 9A Am. Jur. 2d Bankruptcy § 1355 (2007)(" Abandonment of property of the estate results in the mere release from the estate of property previously included in the estate.").  The Automatic Stay provisions of 11 U.S.C. § 362(a) do not apply to property that has been abandoned pursuant to 11 U.S.C. § 554 and no longer part of the debtor's estate.  See In re Boland, 275 B.R. 675, 678 n. 5 (Bankr.D.Conn. 2002).  Thus, as Appellant himself frames it, the sole issue involved in this appeal is whether the Appellee violated the Automatic Stay provisions when he continued the foreclosure action against the residence prior to Fields' discharge from bankruptcy.  We find as a matter of law that Appellee did not violate the Automatic Stay provisions because the residence was not part of the debtor's estate when Appellee continued with foreclosure against the residence.

Accordingly, the final order of the Bankruptcy Court is affirmed.  In addition, we deny Appellant's request for a preliminary injunction since he cannot meet the first requirement of likelihood of success of his appeal on the merits.

An Order will be entered consistent with this Opinion.

At Camden, New Jersey
Dated: March 29, 2007

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

5