**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERT J. FIELDS, JR., : | |
| : | Appeal from Bankruptcy |
| Appellant, : | Case No. 06-5451 |
| : | |
| v. : | **OPINION** |
| : | |
| JACK BLEIMAN, : | |
| : | |
| Appellee. : | |

**APPEARANCES:**

Albert J. Fields, Jr.
P.O. BOX 494
Penns Grove, NJ 08069
*Pro se Appellant*

James D. Donnelly
1236 Brace Road, Suite C
P.O. BOX 536
Cherry Hill, NJ 08003
*Attorney for Appellee, Jack Bleiman*

**HILLMAN, District Judge**

I.  **INTRODUCTION**

Pro Se Appellant, Albert J. Fields, Jr., filed an appeal from the final order of the U.S. Bankruptcy Court which held that Jack Bleiman, Appellee, did not violate the Automatic Stay provision of 11 U.S.C. § 362.  While his appeal was pending, Appellant also filed an Emergency Motion for Stay Pending Appeal. This court denied Appellant's emergency motion and denied his appeal.  An order consistent with that opinion was entered on March 29, 2007; that order denied the Emergency Motion to Stay,

affirmed the decision of the Bankruptcy Court and denied the Appellant's Bankruptcy appeal based on an unlikelihood of success on the merits.

On April 5, 2007, the Appellant timely filed a motion for reconsideration on the grounds that the Court's initial determination was a harmful error that produced an unjust result.

## II. Standard

Motions for reconsideration are governed by Local Civil Rule 7.1(i) which provides, in relevant part, that a motion for reconsideration must be filed within ten business days after the entry of an order or judgment on the original motion. "A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion." L.Civ.R. 7.1(i).  The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998)(citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)).  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001); NL Indus. Inc. v. Commercial Union Ins. Co. 935 F.Supp. 513, 516 (D.N.J. 1996).  Mere disagreement with the court will not suffice to show that the court overlooked

relevant facts or controlling law. <u>United States v. Compaction Sys. Corp.</u>, 88 F.Supp.2d 339, 345 (D.N.J. 1999). Therefore, a motion for reconsideration should only be made if there has been a change in the controlling law, new evidence has become available or there has been a clear error of law or manifest injustice which needs to be corrected. <u>Tischio v. Bontex, Inc.</u>, 16 F.Supp.2d 511, 532 (D.N.J. 1998).

### III. Discussion

The Appellant is proceeding in this matter pro se; therefore, his motion for reconsideration, "'however inartfully pleaded,' is held to 'less stringent standards than formal pleadings drafted by lawyers.'" <u>Caldwell v. CVS Corp.</u>, 443 F.Supp.2d 654, 656 (D.N.J. 2006)(citing <u>Then v. I.N.S.</u>, 58 F.Supp.2d 422, 429 (D.N.J. 1999)).

In his brief, Fields claims that this Court committed a harmful error in affirming that Bleiman did not violate the Automatic Stay provisions of 11 U.S.C. § 362(a) when Bleiman foreclosed on Fields' property. Fields claims that under 11 U.S.C. § 522 ("Homestead Exemption") his residence is entitled to exemption from foreclosure.

11 U.S.C. §§ 522(b)(1) and (d)(1) provide that "an individual debtor may exempt from *property of the estate* . . . real property or personal property that the debtor . . . uses as a residence." This provision only exempts from foreclosure

3

property that is included in the estate.[1]  Fields admits that he did not object to the abandonment of his residence by the Chapter 7 Trustee.  By operation of law, abandoned property is no longer property of the estate.  See Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002); see also 9A Am. Jur. 2d Bankruptcy § 1355 (2007) ("Abandonment of property of the estate results in the mere release from the estate of property previously included in the estate.").  The Automatic Stay provisions of 11 U.S.C. § 362(a) do not apply to property that has been abandoned pursuant to 11 U.S.C. § 554 and are no longer a part of the debtor's estate.  See In re Boland, 275 B.R. 675, 678 n. 5 (Bankr.D.Conn. 2002).  Nothing in 18 U.S.C. § 522 prevents the normal operation of state law as it relates to property held outside the bankruptcy estate.  See 18 U.S.C. § 522; Matter of Henry, 173 B.R. 878, 883 n. 11 (D.N.J. 1993) (finding "... property no longer part of the estate, the borough, using the relief from the automatic stay which it has obtained, can simultaneously create and perfect its post-petition tax liens under normal operation of state law, without fear of the liens being avoided.").

When the Appellant's property was abandoned, it reverted to the debtor and was no longer part of the estate.  Since it was not "property of the estate," the residence was no longer protected under the Automatic Stay provision of 11 U.S.C.

---

[1]  The statute also limits the exemption to the debtor's aggregate interest in the property not to exceed $20,200.  See 18 U.S.C. § 522 (d).

4

§ 362(a).  Therefore, because the residence was not a part of the estate at the time of foreclosure, the Homestead Exemption is not applicable.

There has been no manifest error of law in this case; nor does the Appellant present any new evidence that had not already been considered.  Accordingly, the motion for reconsideration of this matter is denied.


At Camden, New Jersey

Dated: October 10, 2007

                                        s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.